UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6104-CR-DIMITROULEAS

UNITED STATES OF AMERICA )
)
)
)
v. )
)
)
ROBERTO HOMS, )
)
Defendant. )
)

**NIGHT BOX**
**FILED**
**JUN 1 4 2000**

CLARENCE MADDOX
FRK USDC / SDFL / FTL

### GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.   1.   The government is unaware of any written or recorded statements made by the defendant(s).

          2.   The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial.

          3.   No defendant testified before the Grand Jury.

          4.   The NCIC record of the defendant, if any exists, is attached.



5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Ft. Lauderdale, Florida.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6.  While no physical or mental examinations or scientific tests or experiments made in connection with this case were completed, Special Agent O'Keefe, a firearms interstate nexus expert determined that the firearm traveled in interstate commerce.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.  The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

2

F.          The defendant was identified by Special Agent James Higgins. Special Agent Higgins, acting in an undercover capacity, identified Roberto Homs, the person from whom he purchased the firearm, as the Roberto Homs convicted of robbery with a firearm on July 20, 1995 (a felony), and the Roberto Homs who possesses Florida driver's license number H520-720-77-095-0.

G.          The government has advised its agents and officers involved in this case to preserve all rough notes.

H.          The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.          The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.          The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.          No narcotics contraband is involved in this indictment.

L.          The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.          The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.          To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.          The government will make every possible effort in
            good faith to stipulate to all facts or points of
            law the truth and existence of which is not
            contested and the early resolution of which will
            expedite trial.    These stipulations will be
            discussed at the discovery conference.

            The government hereby requests that the defense
            stipulate to the following facts:

                    1.    The firearm seized from the defendant at
                          the time of arrest is a "firearm" as that
                          term is defined in Title 18, United
                          States Code, Section 921(a)(3), that is,
                          it is a weapon which is designed to, or
                          may readily be converted to, expel a
                          projectile by the action of an explosive.

                    2.    The firearm was manufactured outside the
                          state of Florida and traveled in
                          interstate commerce by its presence
                          inside the State of Florida.

P.          At the discovery conference scheduled above, the
            government will seek written stipulations to agreed
            facts in this case, to be signed by the defendant
            and defense counsel.

      The government is aware of its continuing duty to disclose
such newly discovered additional information required by the
Standing Discovery Order, Rule 16(c) of the Federal Rules of
Criminal Procedure, Brady, Giglio, Napue, and the obligation to
assure a fair trial.

4

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

        Time: 1:30 p.m
        Date: October 14, 1998
        Place: 3601 Van Buren Street
                Hollywood, Florida

                        Respectfully submitted,

                        GUY A. LEWIS
                        UNITED STATES ATTORNEY

        By:     _____

                Laurence M. Bardfeld
                Assistant United States Attorney
                Florida Bar No. 712450
                500 East Broward Boulevard,
                Suite 700
                Fort Lauderdale, Florida 33394
                Tel: (954) 356-7255, ext. 3510
                Fax: (954) 356-7336


cc:  Special Agent James Higgins, ATF

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed/hand delivered this ⅠS<sup>th</sup> day of June 2000, to: Counsel for Defendant Roberto Homs,

Laurence M. Bardfeld
Assistant United States Attorney

6